IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **THE LOVELY CANDY COMPANY, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CHUAO CHOCOLATIER, INC.,**<br><br>Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff The Lovely Candy Company, LLC ("Plaintiff" or "Lovely Candy Co."), by its attorneys, as and for its Complaint against Defendant Chuao Chocolatier, Inc. ("Defendant" or "Chuao Chocolatier") alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair competition under Illinois common law. Lovely Candy Co. brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its trademarks; in particular, its LOVELY CANDY CO. trademarks: U.S. Reg. No. 4,534,744 and U.S. Reg. No. 4,530,851.

2. Lovely Candy Co. is the owner by assignment of federal registrations for its LOVELY CANDY CO. trademarks. A true and correct copy of the federal trademark registration certificate for U.S. Reg. No. 4,534,744 is attached hereto as Exhibit A and a true and correct copy of the federal trademark registration certificate for U.S. Reg. No. 4,530,851 is attached hereto as Exhibit B.

## PARTIES

3. The Lovely Candy Company, LLC is an Illinois Limited Liability Company having its principal place of business at 1725 Kilkenny Court, Woodstock, IL 60098.

4. On information and belief, Chuao Chocolatier, Inc. is a California Corporation having its principal place of business at 2345 Camino Vida Roble, Carlsbad, CA 92011.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's Lanham Act claims, pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. § 1367.

6. This Court has jurisdiction over Defendant in this Complaint because Defendant directed the acts complained of herein to residents of this judicial district, because Defendant committed acts of infringement in this judicial district, and because Plaintiff suffered harm within this judicial district as a result of Defendant's acts complained of herein.

7. Alternatively, this Court has personal jurisdiction over Defendant because Defendant is engaging in various activities within this State and this judicial district, including offering for sale, selling, and distributing its accused products in this district. The consequences of Defendant's actions produce effects in and directly implicate this forum.

8. For example, Defendant offers a "retail locator" page on its website, at www.chuaochocolatier.com/storelocator, where one can search for retailers carrying Defendant's products. A test search within a 50 mile radius centered around Chicago shows that Defendant's products are sold at several retailers within this district. *See* Exhibit C, screenshot of Defendant's retailer search page.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because, among other things, a substantial part of the events giving rise to this claim occurred within this judicial district and because Defendant's acts of infringement are causing harm in this judicial district. *See, e.g.,* Exhibit C.

## FACTUAL BACKGROUND
### The Lovely Candy Company, LLC

10.     Founded in 2013, Lovely Candy Co. is a leading seller of high quality candies. In particular, Lovely Candy Co. specializes in candies using premium ingredients and recipes that are kosher, gluten-free, non-GMO, have zero trans fats, and include no high fructose corn syrup or artificial ingredients.

11.     Lovely Candy Co. sells a wide variety of these candies, including caramels, fruit chews, fudge rolls, and licorice, just to name a few.

12.     Lovely Candy Co. markets and sells its confections through its website, www.lovelycandyco.com. Lovely Candy Co. also sells its products through several third party retailers, including The Fresh Market, Target, Whole Foods, Costco, CVS, Shoppers Drug Mart, Winn Dixie, Mariano's, Meijer, Raley's, Wakefern Food Corp., Mash, Joe Caputo & Sons Fruit Market, and Jewel-Osco, among others.

13.     Through its marketing efforts, Lovely Candy Co. has garnered a substantial following. Its products have been featured in various media outlets, including on television. For example, Lovely Candy Co.'s products were featured on NBC's The Today Show in a segment called "Hot in Health". *See* Exhibit D, screenshot of Today Show segment.

14.     Lovely Candy Co. has also received favorable, unsolicited press coverage for its products. For example, Lovely Candy Co.'s products have been featured in several blogs where they are lauded for their delicious flavor and health-conscious ingredients.

**Plaintiff's Trademarks**

15. As part of its promotion and goodwill development, and in order to protect the source-identifying marks Lovely Candy Co. has developed, Lovely Candy Co. owns federal trademark registrations for both its name, LOVELY CANDY CO., U.S. Reg. No. 4,534,744, *see* Exhibit A, and its logo, U.S. Reg. No. 4,530,851, *see* Exhibit B:



16. U.S. Reg. Nos. 4,534,744 and 4,530,851 are both registered for "Candies; Candy; Sweets" and "On-line retail store services featuring candies, candy, sweets; Retail store services featuring candies, candy, sweets."

17. Lovely Candy Co. also owns trademark registrations for two of its slogans: CONSCIOUSLY CRAFTED (U.S. Reg. No. 4,487,632) and LIVE LIFE. LOVELY. (U.S. Reg. No. 4,462,682).

18. Through its significant marketing efforts, Lovely Candy Co. also has attained common law rights in several unregistered marks.

19. Lovely Candy Co. has used its trademarks in commerce since at least as early as May 20, 2013.

20. Lovely Candy Co. obtained ownership of U.S. Reg. Nos. 4,534,744 and 4,530,851 by assignment on January 14, 2016. *See* Exhibit E, Assignment.

21. Since at least as early as May 20, 2013, Lovely Candy Co. has continuously used its trademarks in interstate commerce in conjunction with the sale of its candies throughout the United States.

22. The LOVELY CANDY CO. mark, which is the subject of U.S. Reg. No. 4,534,744, is distinctive.

23. The LOVELY CANDY CO. logo, which is the subject of U.S. Reg. No. 4,530,851, is distinctive.

24. When used in commerce, Plaintiff's LOVELY CANDY CO. logo is brown in color, as shown below:



25. Plaintiff displays its name prominently on the packaging of its products, as shown below, which promotes strong consumer association between the names "Lovely" or "Lovely Candy Co." and Plaintiff:



26. As provided by 15 U.S.C. § 1115(a), Lovely Candy Co.'s federal registrations of the LOVELY CANDY CO. mark and LOVELY CANDY CO. logo serve as "prima facie evidence of the validity of the registered mark[s] and of the registration of the mark[s], of the registrant's ownership of the mark[s], and of the registrant's exclusive right to use the registered mark[s] in commerce on or in connection with the goods or services specified in the registration."

5

**Defendant's Infringing and Unfair Conduct**

27. On information and belief, Defendant owns and operates a website at www.chuaochocolatier.com, where it promotes and sells various candies and other confections.

28. Defendant is a direct competitor of Lovely Candy Co.

29. On information and belief, Defendant also operates boutique brick-and-mortar candy shops or cafes where it markets and sells its products. *See* Exhibit F, screenshot of location list from Defendant's website.

30. On information and belief, Defendant also markets and sells its products through various third party retailers in the United States, both online and offline, including at Dean & Deluca, Bed Bath & Beyond, Albertsons, Bristol Farms, REI, World Market, Sur la table, Barnie's Coffee Kitchen, Crate & Barrel, Whole Foods, and Earth Fare, among others. *See* Exhibit F.

31. In particular, on information and belief, Defendant recently began marketing, promoting, offering for sale, and selling a "lovely" line of chocolate bars, which come in "Raspberry Rose," "Blueberry Lavender," and "Coconut Hibiscus" flavors. *See* Exhibit G, screenshot of Defendant's webpage promoting "Lovely" chocolate bars; *see also* Exhibit H, screenshot of Defendant's homepage "[i]ntroducing" the "lovely" candy bar line.

32. On information and belief, Defendant is also promoting its new "lovely" candy bars at industry trade shows. For example, on information and belief, Defendant promoted its new "lovely" candy bars at the Winter Fancy Food Show 2016 in San Francisco, California, from Sunday, January 17, 2016 to Tuesday, January 19, 2016, at booth #2743. *See* Exhibit I, screenshot of Winter Family Food Show exhibitor search result for Defendant, showing that Defendant is listed as promoting a new product.

6

33. Defendant's "lovely" candy bars are sold in wrappers which bear the term "lovely" in stylized script, as shown below:



34. Defendant's "lovely" candy bars and Plaintiff's products displaying the LOVELY CANDY CO. name and/or logo are marketed through the same channels.

35. Defendant's use of the word "lovely" is confusingly similar to Plaintiff's LOVELY CANDY CO. name, U.S. Reg. No. 4,534,744 (*see* Exhibit A).

36. Furthermore, Defendant's stylized script use of the term "lovely" is confusingly similar to Plaintiff's LOVELY CANDY CO. logo, which features the term "lovely" in script writing (*see* Exhibit B).

37. Additionally, Defendant displays the term "lovely" in tan writing, which, as shown below, is similar to the brown that Plaintiff employs when using its registered logo in commerce:

 

Plaintiff's logo             Defendant's logo

7

38. There is a strong likelihood that consumers will be confused into believing that Defendant's "lovely" candy bars are Plaintiff's products or that they are authorized, endorsed, sponsored, or approved by Plaintiff.

39. On information and belief, Defendant has intentionally imitated the LOVELY CANDY CO. name and LOVELY CANDY CO. logo in order to improperly and unfairly trade on the substantial goodwill that Plaintiff has achieved through its marketing efforts and years of customer satisfaction.

40. On information and belief, Defendant had actual knowledge of the existence of Plaintiff's products and trademark registrations before Defendant first began using, offering to sell, or selling its accused products.

41. At no time has Plaintiff authorized Defendant to use the LOVELY CANDY CO. name or LOVELY CANDY CO. logo.

**COUNT I
FEDERAL TRADEMARK INFRINGEMENT
(15 U.S.C. § 1114)**

42. Plaintiff incorporates by reference Paragraphs 1 - 41 above as if restated herein in their entirety.

43. Defendant had actual and/or constructive knowledge of Plaintiff's rights in its federally registered LOVELY CANDY CO. name at least as early as the date of its registration, December 10, 2013.

44. Defendant had actual and/or constructive knowledge of Plaintiff's rights in its federally registered LOVELY CANDY CO. logo at least as early as the date of its registration, December 10, 2013.

45. Defendant is using, in commerce, a reproduction or copy of Plaintiff's registered LOVELY CANDY CO. name and LOVELY CANDY CO. logo.

46. Plaintiff has neither consented to nor authorized Defendant's use of the LOVELY CANDY CO. name or LOVELY CANDY CO. logo.

47. Defendant's use of the LOVELY CANDY CO. name is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's products.

48. Defendant's use of the LOVELY CANDY CO. logo is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's products.

49. Defendant's unauthorized use of the LOVELY CANDY CO. name constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

50. Defendant's unauthorized use of the LOVELY CANDY CO. logo constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

51. The intentional nature of Defendant's unauthorized use of the LOVELY CANDY CO. name and LOVELY CANDY CO. logo renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of Plaintiff's fees and costs associated with bringing this action.

52. As a result of Defendant's above-outlined conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law. In particular, Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. Specifically, such irreparable harm includes, but is not limited to, reputational harm amongst Plaintiff's actual and potential customers.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

53. Plaintiff incorporates by reference Paragraphs 1 - 52 above as if restated here in their entirety.

54. Defendant had actual and/or constructive knowledge of Plaintiff's rights in its federally registered LOVELY CANDY CO. name at least as early as the date of its registration, December 10, 2013.

55. Defendant had actual and/or constructive knowledge of Plaintiff's rights in its federally registered LOVELY CANDY CO. logo at least as early as the date of its registration, December 10, 2013.

56. Defendant is using, in commerce, a reproduction or copy of Plaintiff's registered LOVELY CANDY CO. name and LOVELY CANDY CO. logo.

57. Plaintiff has neither consented to nor authorized Defendant's use of the LOVELY CANDY CO. name or LOVELY CANDY CO. logo.

58. Defendant's unauthorized use of the LOVELY CANDY CO. name and/or LOVELY CANDY CO. logo is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Lovely Candy Co. of Defendant's products.

59. Defendant's conduct constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

60. The intentional nature of Defendant's unauthorized use of the LOVELY CANDY CO. name and/or LOVELY CANDY CO. logo renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of Plaintiff's fees and costs associated with bringing this action.

61. As a result of Defendant's aforesaid conduct, Plaintiff has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Plaintiff has no adequate remedy at law. In particular, Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III
## ILLINOIS COMMON LAW UNFAIR COMPETITION

62. Plaintiff incorporates by reference Paragraphs 1 - 61 above as if restated here in their entirety.

63. By marketing, advertising, and selling its "lovely" candies, Defendant is acting with the purpose and intent to deceive consumers into believing that Defendant's candies are made by Lovely Candy Co. or are affiliated with or approved by Lovely Candy Co.

64. By marketing, advertising, and selling its "lovely" candy bars, Defendant intends to harm and is harming Plaintiff's business.

65. As a result of Defendant's unfairly competitive activities, Plaintiff has been damaged and will continue to be damaged unless Defendant is enjoined from using the name "lovely".

66. Plaintiff is also entitled to recover money damages to compensate for Defendant's unfair conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Lovely Candy Company, LLC respectfully seeks the following relief against Defendant Chuao Chocolatier, Inc.:

A. Judgment that Defendant's conduct violates Plaintiff's federal trademark rights, in violation of 15 U.S.C. § 1114.

B. Judgment that Defendant's conduct constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

C.      Judgment that Defendant's conduct constitutes unfair competition under Illinois common law.

D.      Damages in an amount to be proven at trial, in the form of disgorgement of Defendant's profits, actual damages suffered by Plaintiff, and compensation for corrective advertising.

E.      Treble damages as a result of the willful nature of Defendant's conduct, in accordance with 15 U.S.C. § 1117.

F.      Plaintiff's attorneys' fees incurred in bringing this action, in accordance with 15 U.S.C. § 1117.

G.      A preliminary, mandatory, and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

      1.      To cease using, selling, offering for sale, holding for sale, advertising, or promoting any goods or services under or in connection with any trade name, trademark, service mark, or Internet domain name that is comprised in whole or in part of the name LOVELY CANDY CO.;

      2.      To cease using, selling, offering for sale, holding for sale, advertising, or promoting any goods or services under or in connection with any logo that is confusingly similar to Plaintiff's trademarked logo; and

      3.      To deliver and destroy all inventory, literature, advertisements, and other materials displaying the "lovely" name.

H.      Pre-judgment and post-judgment interest.

I.      Any and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

DATED: January 19, 2016   Respectfully submitted by,

/s/Edward L. Bishop
Edward L. Bishop
ebishop@bishoppatents.com
Nicholas S. Lee
nlee@bishoppatents.com
BISHOP DIEHL & LEE, LTD.
1750 East Golf Road, Suite 390
Schaumburg, IL 60173
Phone (847)969-9123
Fax: (847) 969-9124

*Attorneys for Plaintiff*
*The Lovely Candy Company, LLC*